# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:08CV70-W

| | |
|---|---|
| STEVEN GLEN BYRD, ) </br> ) </br> ) </br>     **Plaintiffs,** ) </br> ) </br>     vs. ) </br> ) </br> **STATE OF NORTH CAROLINA,** ) </br> **and UNION COUNTY** ) </br> **SHERIFF'S OFFICE AND** ) </br> **DEPARTMENT,** ) </br> ) </br>     **Defendants** ) </br> ) </br> _____ ) | **MEMORANDUM AND RECOMMENDATION** </br> **AND ORDER** |

**THIS MATTER** is before the Court on the Union County Sheriff's Office and Department's " ... Motion to Dismiss ... " (document #8) and "Brief in Support ..." (document #9), both filed March 25, 2008; and the State of North Carolina's "Motion to Dismiss ... " (document #10) and "Brief in Support ..." (document #11), both filed March 27, 2008.

On May 28, 2008, the pro se Plaintiff filed his "Response[s] ..." to the Defendants' Motions to Dismiss. See documents ## 18 and 19. The Defendants have not filed a Reply and the time for filing a reply brief has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that these Defendants' "Motion[s] to Dismiss" be granted, as discussed below. In light, however, of the deference extended to the "inartful pleading" of pro

se civil rights litigants, the undersigned will grant the pro se Plaintiff leave to file an Amended Complaint naming Union County Sheriff's Detective John E. Young and any other Sheriff's detectives or deputies (whether identified by name or as "John Doe") as the proper party Defendant(s). See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972) (instructs court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) ("district courts must be especially solicitous of civil rights plaintiffs. This solicitude for a civil rights plaintiff with counsel must be heightened when a civil rights plaintiff appears pro se").

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is an action to recover damages under 42 U.S.C. § 1983 for violations of the pro se Plaintiff's constitutional rights arising from his arrest on charges of Second Degree Rape, First Degree Kidnapping, and Assault by Strangulation of and against his wife, Anna Marie Byrd.

On February 22, 2008, the Plaintiff filed his Complaint, alleging that sometime in July 2005, John E. Young, a Detective employed by the Union County Sheriff, along with an unknown Sheriff's detective whom the Plaintiff identifies as "Detective John Doe," falsified evidence, conducted a warrantless search of the Plaintiff's home, and deliberately misled a County Magistrate in order to effect the unlawful arrest and false imprisonment of the Plaintiff.[1] The Plaintiff further alleges the charges against him were all part of a "love marriage scam" perpetrated by his "Filipino wife" to defraud him of real and personal property.[2]

---

[1] In his Complaint, the Plaintiff also references a "Cristy Hearne," who apparently was also employed by the Union County Sheriff, but does not allege any involvement on her part other than that she catalogued and stored evidence that Detective Young and Detective Doe seized from the Plaintiff.

[2] Although the allegations of the Complaint are taken as true for these purposes in any event, the Defendants concede that Mrs. Byrd described herself to investigators as the Plaintiff's "mail order bride" and has stated that she arrived in the United States from the Phillippines in February 2005.

2

More specifically, the Plaintiff alleges that Detectives Young and Doe falsified evidence by superimposing the photographic image of Mrs. Byrd's head onto the photograph of another woman's body in an effort to make it appear that Mrs. Byrd had suffered bruising on her body at the hands of the Plaintiff. The Plaintiff further alleges that on July 13, 2005 Detectives Young and Doe conducted a warrantless search of the Plaintiff's home, which included the copying of the Plaintiff's pharmaceutical records. Finally, the Plaintiff alleges that despite being aware of statements from the Plaintiff and from other unidentified witnesses that it was Mrs. Byrd, rather than the Plaintiff, who was guilty of assault and related offenses, Detectives Young and Doe made false statements to a Union County Magistrate in order to obtain the issuance of warrants for the above-described charges. The Plaintiff alleges that he spent 159 days in jail awaiting trial on those charges, which ultimately were dismissed; that his "life has been destroyed"; and that he lost his business.

Rather than bring his action against Detectives Young and Doe, however, the Plaintiff named only the State of North Carolina and the "Union County Sheriff's Office and Department" as Defendants, seeking to recover $16 million in damages pursuant to 42 U.S.C. § 1983.

On March 25 and 27, 2008, respectively, the Defendant Sheriff's Office and Department and Defendant State filed their Motions to Dismiss, contending, among other things, that the Plaintiff has alleged factual allegations of constitutional violations only as to Detectives Young and Doe. The State also argues that the Plaintiff's claims are barred by the State's Eleventh Amendment immunity.

On April 17, 2008, and in apparent response to a letter from chambers' staff (mailed April 14, 2008 and inquiring whether the Plaintiff intended to oppose the Defendants' Motions), the Plaintiff filed a "Motion for Extension of Time," requesting a 30-day extension in which to respond to the pending Motions. The same day, the undersigned <u>granted</u> the Plaintiff's Motion for Extension

of Time, ordering the Plaintiff to file his responsive briefs on or before May 19, 2008. See "Order" (document #15).

On May 28, 2008, the Plaintiff filed his "Response[s] ..." (documents ##18 and 19), which in light of the Plaintiff's pro se status, the undersigned has considered despite the fact that they were untimely filed. In his Responses, the Plaintiff clarifies that it is the actions of Detectives Young and Doe that are the subject of his Complaint, and contends that the "Union County Sheriff's Office and Department" and the State of North Carolina are liable solely because the detectives were employed by the Sheriff.[3]

The Defendants' Motions to Dismiss have been briefed as set forth above and are, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

### A. Standard of Review

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the United States

---

[3]The Plaintiff devotes the bulk of his Responses to accusing Mrs. Byrd of entering into a fraudulent marriage.

Supreme Court's most recent examination of this standard, it explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . . And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Haines, 404 U.S. at 520 (instructs court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); Boag v. Macdougall, 454 U.S. 364, 365, (1982); and Cobb v. Rector and Visitors of the University of Virginia, 69 F.Supp.2d 815, 818 (W.D.Va. 1999).

In applying Haines, the Fourth Circuit Court of Appeals has stated:

> (The Court) takes the position that its district courts must be especially solicitous of civil rights plaintiffs. This solicitude for a civil rights plaintiff with counsel must be heightened when a civil rights plaintiff appears pro se. In the great run of pro se cases, the issues are faintly articulated and often only dimly perceived. There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done. So, although the Court of Appeals cannot mean that it expects the district courts to assume the role of advocate for the pro se plaintiff ... strongly suggest that the district court must examine the pro se complaint to see whether the facts alleged, or the set

5

of facts which the plaintiff might be able to prove, could very well provide a basis for recovery under any of the civil rights acts or heads of jurisdiction in the federal arsenal for redress of constitutional deprivations. Accordingly, the Court in considering the defendants' motion to dismiss will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed.
</blockquote>

Gordon, 574 F.2d at 1151 (emphasis added) (internal citation omitted). Accord Beaudett v. City of Hampton 775 F.2d 1274, 1277-78 (4th Cir. 1985) ("[p]ro se lawsuits present district judges and magistrates with a special dilemma ... they represent the work of an untutored hand requiring special judicial solicitude") (internal citation omitted); and Peck v. Merletti, 64 F.Supp.2d 599, 601 (E.D.Va. 1999) ( pro se claims should survive a Rule 12(b)(6) motion no matter how inartfully pleaded unless the complaint contains a detailed description of underlying facts which fail to state a viable claim.) (internal quotations omitted).

### B. State's Motion to Dismiss

At the outset, the undersigned notes that in North Carolina, Sheriffs are constitutional officers separate from the State and state agencies and officers. N.C. Const. Art. VII, § 2. In other words, "the State has no authority to veto or approve a sheriff's actions." Boyd v. Robeson County, 169 N.C. Ap. 460, 476, 621 S.E. 2d 1, 11 (2005) (sheriff is local law enforcement officer, not state law enforcement officer). Accordingly, where the Plaintiff's only complaints concern alleged constitutional violations committed by detectives employed by the Union County Sheriff, the Plaintiff has failed to state a claim against the State of North Carolina.

Moreover, it is well settled that claims for monetary damages brought in federal court against states, stage agencies, and state employees sued in their official capacities are barred by the Eleventh Amendment to the United States Constitution which provides that "[t]he Judicial power of the

United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) (state official sued in official capacity under 42 U.S.C. § 1983 immune from suit in federal court under Eleventh Amendment); Edelman v. Jordan, 415 U.S. 651, 663 (1974) (state is immune from suit in federal courts by her own citizens); and Lytle v. Griffith, 240 F.3d.404, 408 (4th Cir. 2001) (applying Will and Edelman).

It is also well-established that Congress did not abrogate the states' sovereign immunity when it created a private right of action under 42 U.S.C. § 1983. Accord Will, 491 U.S. at 66 (state official sued in official capacity under 42 U.S.C. § 1983 immune under Eleventh Amendment); and Edelman, 415 U.S. at 663. Nor has the State of North Carolina waived its immunity by enacting the North Carolina Tort Claims Act, N. C. Gen. Stat. §§ 143-291. See In re Secretary of Dept. of Crime Control and Public Safety, 7 F.3d 1140, 1146 (4th Cir. 1993) ("And we see nothing in the text of [the Act] that fairly can be read as an expression of the State's consent to suits against itself in federal court ... much less the 'unequivocal' expression of such consent required by the Supreme Court's Eleventh Amendment jurisprudence").

In short, where the Plaintiff has not alleged any claim against the State, a state agency, or a state official, and where, in any event, those entities are immune from suit for monetary damages in federal court, the undersigned will respectfully recommend that the State of North Carolina's Motion to Dismiss be granted.

### C. Sheriff's Motion to Dismiss

As the Defendants concede in their briefs, particularly in light of the latitude extended to the "inartful pleading" of pro se civil rights plaintiffs, the Plaintiff's purported claims against the "Union County Sheriff's Office and Department" are properly considered as Section 1983 official capacity claims brought against the Union County Sheriff. Moreover, the Complaint, which must be taken as true at this early point in the proceedings, contains allegations of serious constitutional violations – that is, violations of the Plaintiff's rights to be free from unlawful search and seizure of his person and property and from unlawful arrest and imprisonment – on the part of two of the Sheriff's detectives.

Assuming arguendo, however, that the Plaintiff "suffered a deprivation of [his] federal rights [at the hands of Detectives Young and/or Doe], it is by now well settled that [the Sheriff] is only liable under section 1983 if [he] causes such a deprivation through an official policy or custom." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999) (official policy includes express policies, decisions of a person with final policymaking authority, omissions manifesting deliberate indifference to citizens' rights; and/or practice so widespread as to constitute custom), citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1979). Accord City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989); Grayson v. Peed, 195 F.3d 692, 697 (4th Cir. 1999); and Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.1994). The Plaintiff has alleged liability only on the basis of respondeat superior and has not identified any of the Sheriff's policies or customs, or even his toleration of a practice or custom, that caused an alleged deprivation of the Plaintiff's rights. See Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986) (liability under §1983 does not attach under respondeat superior, but rather only where the employer was "actually responsible"); and Riddick v. School Bd. of City of Portsmouth, 238 F.3d 518,

523 (4th Cir. 2000).

In other words, even taking the allegations of the Complaint as entirely true as we must, the Plaintiff's constitutional rights were violated by Detectives Young and Doe who allegedly engaged in a scheme with the Plaintiff's wife to manufacture evidence and illegally search for other evidence with the aim of having the Plaintiff arrested and imprisoned for crimes he did not commit. Nowhere does the Plaintiff allege that any of the Detectives' unlawful behavior was the product of any of the Sheriff's policies or customs or that the Sheriff was ever aware of or otherwise tolerated this or similar conduct. Accordingly, the undersigned will respectfully recommend that the Union County Sheriff's Office and Department's Motion to Dismiss be granted.

Recognizing, however, that the Plaintiff's "inartful pleading" does contain the above-discussed allegations of constitutional violations against Detectives Young and Doe, and further complying with the Supreme Court's and Fourth Circuit's clear directives concerning pro se civil rights plaintiffs, the undersigned will grant the Plaintiff leave to file an Amended Complaint against Detectives Young and Doe. Accord Haines v. Kerner, 404 U.S. at 520; and Gordon v. Leeke, 574 F.2d at 1151.

### III. ORDER

**IT IS ORDERED** that all further proceedings concerning the Defendants State of North Carolina and the Union County Sheriff's Office and Department, including all discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

**IT IS FURTHER ORDERED** that the Plaintiff is **GRANTED LEAVE** to file an Amended Complaint naming Union County Sheriff's Detective John E. Young and any other Sheriff's detectives or deputies (whether identified by name or as "John Doe") as the proper party Defendant(s), and that the

Plaintiff shall file his Amended Complaint on or before July 21, 2008.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant Union County Sheriff's Office and Department's "Motion to Dismiss ... " (document #8) and the Defendant State of North Carolina's "Motion to Dismiss ... " (document #10) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE** as to those Defendants.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)©, written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO ORDERED AND RECOMMENDED**.

Signed: June 17, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge