# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-cv-00070-FDW

| | |
|---|---|
| STEVEN GLEN BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **AMENDED** |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER comes now before the Court upon Plaintiff's "Response . . . to Memorandum and Recommendation" (Doc. No. 23) of United States Magistrate Judge Carl Horn. Magistrate Judge Horn's Memorandum and Recommendation ("M&R") recommended that Defendant Union County Sheriff's Office and Department's "Motion to Dismiss" (Doc. No. 8) and Defendant State of North Carolina's "Motion to Dismiss" (Doc. No. 10) be granted and that the Complaint be dismissed with prejudice. Plaintiff has filed objections to the M&R within the time provided by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).[1]

The district court conducts a de novo review of those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). "Such objections must be made 'with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Horne v. Novartis Pharmaceuticals Corp., 541 F. Supp. 2d 768, 776 (W.D.N.C. 2008) (quoting

---

[1]The Court has already filed an Order (Doc. No. 21) stating that neither party had filed timely objections. Although that Order was correct as to all parties on the Court's Electronic Case Filing ("ECF") system, pro se Plaintiff is not registered on ECF and, therefore, was entitled to three additional days for filing by mail. Thus, the Court amends its earlier Order to address Plaintiff's objections timely filed by mail.

United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). The Court "need not conduct a de novo review where a party makes only 'general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'" Id. (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982)). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Much of the material contained within Plaintiff's "Response . . . to Memorandum and Recommendation" is not specifically addressed to the magistrate judge's findings and recommendations. It is, rather, a rehashing of the material in his Complaint along with a series of general and conclusory objections that do not assist the Court's de novo review of the M&R. Specifically, the M&R recommended that the Complaint be dismissed because the State of North Carolina has 11th Amendment immunity and the claims against the "Union County Sheriff's Office and Department" do not allege policies or customs that led to a deprivation of Plaintiff's rights. The Complaint is mostly aimed at the activities of Detectives Young and Doe, individuals who have not been named as defendants in this case. Thus, the M&R recommended that Defendants' Motions be granted and the Complaint be dismissed, and allowed Plaintiff additional time to file an amended complaint naming Detective Young and any other Sheriff's detectives or deputies as the proper party Defendant(s).

To the extent that Plaintiff's objections are made with sufficient specificity, they raise no authority questioning that presented within the M&R. Having reviewed that authority, the Court concludes that the conclusions reached in the M&R are legally correct. Thus, the Court hereby accepts the M&R of Magistrate Judge Horn and adopts it as the final decision of this Court for all

purposes relating to this case.

Additionally, Plaintiff's contention that it would be "burdensome to make the Plaintiff do a new Complaint" is of no moment. (Doc. No. 23 ¶ 4.) Plaintiff's Complaint, as a matter of law, fails to state a claim upon which relief can be granted. The Court has provided Plaintiff additional time, up to and including July 21, 2008, within which to file an amended complaint. Whether he chooses to do so is his prerogative, but it has no bearing on the sufficiency of his current Complaint.

IT IS, THEREFORE, ORDERED that Defendants' Motions to Dismiss (Doc. Nos. 8, 10) be GRANTED and that the Complaint be DISMISSED WITH PREJUDICE as to Defendants Union County Sheriff's Office and Department and the State of North Carolina. Plaintiff may file an Amended Complaint properly naming any Sheriff's detectives or deputies **on or before July 21, 2008**.

IT IS SO ORDERED.                    Signed: July 7, 2008

_____
Frank D. Whitney
United States District Judge